UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN RICHARD MOORES NELSON,<br><br>          Petitioner,<br><br>     v.<br><br>DANIEL WHITE,<br><br>          Respondent. | Case No. C22-5363-BJR-MLP<br><br>ORDER |

This is a federal habeas action filed pursuant to 28 U.S.C. § 2254. This matter comes before the Court on Petitioner's motion for appointment of counsel. (Dkt. # 23.) Petitioner contends he is "not able to understand nor comprehend the intricate and complicated issue of exhaustion argued by the respondents," citing "a learning disability." (*Id.* at 2.) In an accompanying declaration, Petitioner states he has been "having other inmates help [him] get a[n] understanding of the complicated legal issues[.]" (Dkt. # 24 at 1.) He states he "[does not] know how long there will be other people to help [him]." (*Id.* at 2.)

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required, or counsel is necessary for effective discovery. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164,

ORDER - 1

1168 (9th Cir. 1992); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.* In addition, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

Here, the record is not yet sufficiently developed for the Court to determine whether an evidentiary hearing or discovery will be required. Furthermore, Petitioner has not demonstrated that exceptional circumstances exist. Petitioner fails to demonstrate that his case is legally or factually complex. It is clear from Petitioner's filings to this point that he is capable of clearly articulating his claims and arguments *pro se*. (*See* dkt. ## 3, 7.) The Court notes that Petitioner has ably represented himself thus far in the litigation with the resources he has been able to access.

As for Petitioner's likelihood of success on the merits, Petitioner's motion fails to make any argument or showing demonstrating that he is likely to prevail on the merits of his habeas petition or that the "interests of justice" are best served by appointment of counsel.

Accordingly, the Court hereby DENIES Petitioner's motion for appointment of counsel (dkt. # 23). The Clerk is directed to send copies of this order to the parties and to the Honorable Barbara J. Rothstein.

ORDER - 2

Dated this 31st day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3